IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MICHAEL URESE BERRY**                                              **PETITIONER**

v.                                           CIVIL ACTION NO. 3:23-cv-00167-KHJ-BWR

**COMMISSIONER BURL CAIN**                                       **RESPONDENT**

### REPORT AND RECOMMENDATION

BEFORE THE COURT is Michael Urese Berry's Petition [1] and Amended Petition [6] under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, as well as Respondent Mississippi Department of Corrections (MDOC) Commissioner Burl Cain's Motion to Dismiss [9]. Berry failed to respond to the Motion to Dismiss [9] and failed to respond to the Order [11] requiring him to file a response to the Motion to Dismiss. Having considered Respondent's submissions, the record, and relevant law, the undersigned concludes that Berry's Petition [1] and Amended Petition [6] are time barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Respondent's Motion to Dismiss [9] should be granted and Berry's claims dismissed with prejudice.

### I. BACKGROUND

Berry pleaded guilty to robbery with a deadly weapon in the Circuit Court of Hinds County, Mississippi and was sentenced on December 11, 2018 to serve five years to run concurrently to MDOC sentences Berry was serving for convictions in Madison and Rankin Counties. [9-1] [9-2].

1

Seventeen months later, on May 26, 2020, the Circuit Court received and filed Berry's "Motion to Dismiss, Quash, and Set Aside Indictment Due to Defect in Indictment Based on the Composition of the Grand Jury" that Berry signed on March 27, 2020. [9-3]. The Circuit Court denied Berry's Motion in an Order filed February 25, 2021, holding that the Motion was meritless because Berry's plea was "freely, voluntary[il]y, and intelligently made." [9-4]. Berry did not appeal the Circuit Court's ruling.

Two years later, on March 6, 2023, the Clerk of this Court received and filed a pleading from Berry challenging five armed robbery convictions from three different counties: Hinds, Madison, and Rankin Counties. Berry did not sign the pleading but signed an affidavit on February 28, 2023 that he attached as an exhibit. [1-4]. On June 6, 2023, the Court severed the pleading into three habeas cases. [3]. The Hinds County conviction is at issue in the present case. The Court required Berry to file another petition on a form § 2254 pleading. [4]. Berry complied and filed an Amended Petition [6] on July 21, 2023.

On August 14, 2023, Respondent filed a Motion to Dismiss [9], arguing that Berry's Petition [1] was almost three years untimely because Berry's deadline for filing a petition was March 11, 2020, and Berry filed his Petition in February 2023. Respondent asserted that no basis for statutory or equitable tolling existed. *Id.* Berry did not file a response to Respondent's Motion to Dismiss. An Order [11] issued on September 6, 2023, requiring Berry to file a response to the Motion to Dismiss on or

before October 2, 2023. Berry has not filed a response or requested additional time to do so.

## II. DISCUSSION

A.   <u>Standard of Review</u>

Before considering the merits of a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue for federal review have been taken. The first consideration is whether the petition was timely filed. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner is subject to a one-year period of limitations for filing a § 2254 application:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>   A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the date the judgment of conviction became final, subject to tolling for the period when a properly filed motion for postconviction relief is pending in state court. *Jackson v. Davis,* 933 F.3d 408, 410 (5th Cir. 2019). "Additionally, a court may equitably toll limitations if the petitioner establishes '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

B.  Analysis

The Circuit Court sentenced Berry on December 11, 2018. Under Mississippi law, there is no direct appeal from a guilty plea. Miss. Code Ann. § 99-35-101. A Mississippi state prisoner's guilty plea becomes final under AEDPA ninety days after a guilty plea sentencing, when the time for seeking direct review in the United States Supreme Court would expire. *Wallace v. Mississippi*, 43 F.4th 482, 497-501 (5th Cir. 2022). Berry's conviction and sentence became final on March 11, 2019 (December 11, 2018 plus ninety days). Berry had one year from March 11, 2019, or until March 11, 2020, to file a § 2254 petition. Berry's Petition, signed on February 28, 2023 and received on March 6, 2023, was filed years late.

4

Berry is not entitled to statutory tolling of the statute of limitations under 28 U.S.C. § 2244(d)(2) because he did not submit a properly filed application for postconviction relief as contemplated by 28 U.S.C. § 2244(d)(2) before March 11, 2020. Berry signed his Circuit Court "Motion to Dismiss, Quash, and Set Aside Indictment Due to Defect in Indictment Based on the Composition of the Grand Jury" on March 27, 2020, and it was received and filed by the Circuit Court on May 26, 2020. Both dates are after March 11, 2020, meaning statutory tolling does not apply. Having not responded to the Motion to Dismiss, Berry has not attempted to prove that equitable tolling applies. He has not shown that he was actively misled or prevented in some extraordinary way from timely seeking federal habeas relief.

### III. RECOMMENDATION

Respondent's Motion to Dismiss [9] should be granted and Berry's claims dismissed with prejudice as time barred under 28 U.S.C. § 2244(d).

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and

5

recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 1st day of December, 2023.

*s/* *Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE