UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL URESE BERRY                                                            PETITIONER

V.                                          CIVIL ACTION NO. 3:23-CV-167-KHJ-BWR

BURL CAIN                                                                      RESPONDENT

ORDER

Before the Court is United States Magistrate Judge Bradley W. Rath's [12] Report and Recommendation (Report). The Report recommends granting Respondent Burl Cain's [9] Motion to Dismiss and dismissing Petitioner Michael Urese Berry's claims with prejudice. [12] at 5. The Report notified Berry that he had 14 days to file written objections, and that failure to do so would bar him, "except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion" adopted by this Court. *Id.* at 6 (citation omitted). Berry did not object to the Report, and the time to do so has passed.

When no party objects to a Magistrate Judge's report, the Court need not review it de novo. *See* 28 U.S.C. § 636(b)(1). Instead, the Court can apply the clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

On December 10, 2018, the Circuit Court of Hinds County, Mississippi, sentenced Berry to serve five years in state prison after Berry pleaded guilty to armed robbery. *See* Pet. to Enter Plea of Guilty [9-1]; Sent'g Order [9-2]. His

conviction and sentence became "final" for purposes of federal habeas relief under AEDPA on March 10, 2019—90 days after his sentencing. *See Wallace v. Mississippi*, 43 F.4th 482, 497–501 (5th Cir. 2022). So Berry had one year from that date—absent any statutory or equitable tolling—to file his federal habeas petition. *See* 28 U.S.C. § 2244(d); *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (noting the showing petitioner must make to equitably toll limitations period).[1]

Berry filed his [1] Petition nearly three years after the deadline under Section 2244(d)(1). Statutory tolling under Section 2244(d)(2) does not apply because Berry "did not submit a properly filed application for postconviction relief" within one year of his judgment becoming final. [12] at 5 (citing 28 U.S.C. § 2244(d)(2)). And Berry never responded to Cain's [9] Motion to Dismiss, even after the Court ordered Berry to do so. [11]. So he has not attempted to show that equitable tolling applies. [12] at 5. The Report thus concludes that Berry's claims are time-barred under Section 2244(d) and recommends that the Court dismiss with prejudice his [1] Petition and [6] Amended Petition. *Id.* at 1, 5.

The Court finds that the [12] Report and Recommendation of United States Magistrate Judge Bradley W. Rath is not clearly erroneous or contrary to law and adopts it as this Court's findings and conclusions. The Court therefore GRANTS Cain's [9] Motion to Dismiss and DISMISSES the case with prejudice.

SO ORDERED, this 19th day of December, 2023.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE

---

[1] None of the narrow exceptions in 28 U.S.C. § 2244(d)(1)(B)–(D) apply here.